**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000762
19-JUN-2013
10:40 AM**

NO. CAAP-11-0000762

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SUSHIL BASNET, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 11-1-1675)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Sushil Basnet (Basnet) appeals from the September 23, 2011 Judgment entered in the Family Court of the First Circuit[1] (circuit family court) convicting Basnet on one count of Abuse of Family or Household Members in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2012).

On appeal, Basnet contends the circuit family court erred in denying his motion to dismiss the complaint because (1) his arraignment proceeding failed to comply with the requirements of the Hawai'i Rules of Penal Procedure (HRPP), and (2) the complaint insufficiently alleged the essential elements of the offense.

## I.  BACKGROUND

On June 9, 2011, Plaintiff-Appellee State of Hawai'i (State) charged Basnet with "intentionally, knowingly, or

---

[1]     The Honorable Darryl Y.C. Choy presided over the arraignment and plea proceedings; the Honorable Jeannette H. Castagnetti presided thereafter.

recklessly physically abus[ing the complaining witness (Wife)], a family or household member," in violation of HRS § 709-906(1). The complaint's caption stated: "IN THE DISTRICT COURT OF THE FIRST CIRCUIT[,] HONOLULU DIVISION[,] STATE OF HAWAII."

On June 21, 2011, Basnet appeared before the Honorable Darryl Y.C. Choy for an arraignment and plea hearing. The pre-trial order from that hearing indicates Basnet waived reading of the charge and entered a plea of not guilty. The pre-trial order also stated: "Jury trial demanded, case committed to [c]ircuit [family] [c]ourt." The record indicates this was the only arraignment proceeding conducted in this case.

The circuit family court held a calendar call on September 20, 2011, during which the State made an oral motion to amend the complaint's caption to state that the complaint was filed in the circuit family court. Basnet objected, and two days later, the circuit family court heard argument on the State's motion. The State argued the complaint's heading reflected a typographical error. Basnet responded by orally moving to dismiss the case. Basnet first argued the circuit family court lacked jurisdiction because his arraignment failed to comply with the HRPP's requirements.[2] Basnet also argued the complaint was deficient because it failed to define the terms "physical abuse" and "family or household member." The circuit family court concluded it had jurisdiction, and it granted the State's oral motion to amend the complaint's caption.

At the conclusion of the trial, a jury found Basnet guilty as charged. The circuit family court entered its judgment

___

[2]     Hawaiʻi Family Court Rule 81(c) states: **"Criminal cases.** Cases for adults charged with the commission of a crime coming within the jurisdiction of the family courts shall be governed by the Hawaiʻi Rules of Penal Procedure."

Basnet first claimed he had been arraigned in the circuit family court and argued that, pursuant to the HRPP 5(b)(1) and HRS § 706-663 (1993), he should have been arraigned in the district family court. However, because the circuit family court and the parties raised uncertainties about where the arraignment took place, Basnet then argued in the alternative that even if the arraignment had taken place in the district family court, the procedure was still erroneous.

of conviction against Basnet on September 23, 2011. Basnet filed a timely notice of appeal on October 18, 2011.

## II. STANDARDS OF REVIEW

A.        Interpretation Of Court Rules

The interpretation of a court rule is reviewed de novo. Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009).

B.        Harmless Error

Hawai'i Rules of Penal Procedure (HRPP) Rule 52(a) provides, in relevant part, that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." The Hawai'i Supreme Court has stated that "[s]uch error, however, should not be viewed in isolation and considered purely in the abstract. It must be examined in light of the entire proceedings and given the effect to which the whole record shows it is entitled." State v. Sprattling, 99 Hawai'i 312, 320, 55 P.3d 276, 284 (2002) (internal quotation marks and brackets in original omitted). Under the harmless error standard, the appellate court "must determine whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Pauline, 100 Hawai'i 356, 378, 60 P.3d 306, 328 (2002) (internal quotation marks omitted). "If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside." State v. Gano, 92 Hawai'i 161, 176, 988 P.2d 1153, 1168 (1999) (internal quotation marks omitted).

C.        Sufficiency Of Charge

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong, standard." State v. Mita, 124 Hawai'i 385, 389, 245 P.3d 458, 462 (2010) (internal quotation marks, citation, brackets, and ellipsis omitted).

## III. DISCUSSION

Basnet contends the circuit family court lacked subject matter jurisdiction because his arraignment did not comply with the requirements of the HRPP. He alleges he was arraigned only in the district family court without a second arraignment in the circuit family court, in violation of HRPP Rule 10(a).[3] He further alleges the district family court committed him to the circuit family court without an order of commitment, in violation of HRPP Rule 5(b)(3).[4]

Although the State argues otherwise, Basnet correctly asserts he was arraigned in the district family court, not the

---

[3] HRPP Rule 10(a) states:

**Rule 10. ARRAIGNMENT IN CIRCUIT COURT.**

(a) A defendant who has been held by district court to answer in circuit court shall be arraigned in circuit court within 14 days after the district court's oral order of commitment following (i) arraignment and plea, where the defendant elected jury trial or did not waive the right to jury trial or (ii) initial appearance or preliminary hearing, whichever occurs last.

[4] HRPP Rule 5(b)(3) states:

**Rule 5. PROCEEDINGS FOLLOWING ARREST.**
   . . .

(3) JURY TRIAL ELECTION. In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court the right to trial by jury. If the defendant does not waive the right to a trial by jury at or before the time of entry of a plea of not guilty, the court shall commit the defendant to the circuit court for trial by jury. Within 7 days after the district court's oral order of commitment

   (i) the district court shall sign its written order of commitment,

   (ii) the clerk shall enter the district court's written order, and

   (iii) the clerk shall transmit to the circuit court all documents in the proceeding and any bail deposited with the district court; provided, however, that if trial by jury is waived in the circuit court, the proceedings may be remanded to the district court for disposition.

circuit family court. The presiding judge at the arraignment hearing was a per diem judge,[5] and per diem judges serve as district judges only. See HRS §§ 604-2 (Supp. 2012) ("Appointment and tenure of district judges; per diem district judges[]"), 571-8 (2006 Repl.) ("District family courts; district family judges; appointment; sessions.").

However, we conclude any impropriety constituted harmless error and did not warrant dismissal. The purpose of arraignment is to inform the defendant of the charges and of their rights and to give the opportunity to plead. See HRPP Rule 10(d)(e).[6] Here, Basnet waived reading of the charge, entered a

---

[5]    The Judiciary State of Hawai'i's 2011 Annual Report listed Darryl Y.C. Choy as a per diem judge. Haw. State Judiciary, 2011 Annual Report at 27, (2011) available at http://www.courts.state.hi.us/docs/news_and_reports_docs/annual_reports/Jud_Annual_Report_2011.pdf

[6]    HRPP Rule 10 states, in pertinent part:
      . . .

      (d) Arraignment in the circuit court shall be conducted in open court or by video conference when permitted by Rule 43. The arraignment shall consist of reading the charge to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead thereto. The defendant shall be given a copy of the charge before the defendant is called upon to plead. In felony cases charged by written information, the defendant shall be furnished with a copy of the information and all attached exhibits at the initial court appearance and the custody of the materials shall be governed by Rule 16.

      (e) Upon the initial appearance of the defendant before the court, the court shall:

      (1) be satisfied that the defendant is informed of the charge;

      (2) inform the defendant that there is no requirement to make a statement and that any statement made may be used against the defendant;

      (3) advise the defendant of the right to counsel;

      (4) allow the defendant reasonable time and opportunity to consult counsel; and

      (5) admit the defendant to bail as provided by law or in these rules.

plea of not guilty, and elected jury trial during his arraignment in the district family court. Upon commitment to the circuit family court, the complaint was amended in form only, and the charge was not amended. Moreover, although the district family court did not enter a separate commitment order, the pre-trial order it entered specifically noted the case was committed to the circuit family court for jury trial. Because Basnet has not plausibly shown the above alleged irregularities affected his substantial rights, the circuit family court did not err in denying his motion to dismiss. See HRPP Rule 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

Basnet's second point of error challenges the sufficiency of the charges. Relying on State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), Basnet claims the complaint charging him under HRS § 709-906(1) was deficient because it failed to define the terms "physical abuse" and "family or household member."

In Mita, the Hawai'i Supreme Court held the oral charge against Mita was sufficient based on two factors distinguishing that case from the insufficient charge in Wheeler. First, the definition of "animal nuisance" at issue in Mita "[did] not create an additional essential element of the offense[.]" Mita, 124 Hawai'i at 391, 245 P.3d at 464. Second, "in any event, the definition of 'animal nuisance' [was] consistent with its commonly understood meaning and therefore Mita had fair notice of the offense charged." Id. In other words, "the State need only allege the statutory definition of a term when it creates an additional essential element of the offense, and the term itself does not provide a person of common understanding with fair notice of that element." Id. at 392, 246 P.3d at 465.

Here, the complaint specified:

> On or about the 7th day of June, 2011, in the City and County of Honolulu, State of Hawaii, SUSHIL BASNET did intentionally, knowingly, or recklessly physically abuse

6

> [Wife], a family or household member, thereby committing the offense of Abuse of Family or Household Members, in violation of Section 709-906(1) of the Hawaii Revised Statutes. SUSHIL BASNET is subject to sentencing in accordance with Section 709-906(5)(a) of the Hawaii Revised Statutes.

Basnet does not contend that either of the terms created an additional essential element of the offense. Rather, he argues the complaint's failure to define the terms deprived him of fair notice of the offense. We disagree and conclude the charge was sufficient because both "physical abuse" and "family or household member" were sufficiently consistent with their commonly understood meanings to provide fair notice.

Although HRS § 709-906(1) does not define the term "physical abuse," the Hawai'i Supreme Court has held the term's ordinary reading gives sufficient notice of the prohibited conduct. See State v. Kameenui, 69 Haw. 620, 623, 753 P.2d 1250, 1252 (1988) (holding HRS § 709-906(1) is not void for vagueness despite the lack of a statutory definition of "physical abuse"). The complaint's use of "family or household member" was likewise consistent with the term's ordinary meaning, and it adequately informed Basnet of the nature and cause of the accusation against him. The complaint did not need to set forth the full statutory definition of "family or household member"[7] to alert Basnet of what he needed to defend against to avoid conviction. Under the circumstances of this case, we conclude the charge against Basnet was sufficient.

---

[7] HRS § 709-906(1) states, in pertinent part:

. . .

For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

## IV.   CONCLUSION

The September 23, 2011 Judgment entered in the Family Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, June 19, 2013.

On the briefs:

Steven T. Barta
for Defendant-Appellant.

James M. Anderson
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge